UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY INC. | § | |
| Plaintiff | § § § | |
| v. | § | Case Number 3-12-CV-00029-D |
| AMY DUNLAP | § § § | |
| Defendant. | § | |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff Mary Kay Inc. files this Motion for Leave to File its First Amended Complaint, and would respectfully show the Court the following:

### I. INTRODUCTION AND FACTUAL BACKGROUND

Mary Kay respectfully requests that this Court grant its Motion for Leave to File a First Amended Complaint. Plaintiff filed its Original Petition in the 95th Judicial District Court in Dallas County, Texas on December 2, 2011, alleging claims against Ms. Amy Dunlap for breach of contract and for attorney's fees. Ms. Dunlap removed to this Court on January 4, 2012.

This Court entered a Scheduling Order on February 10, 2012. *See* Doc. No. 19. The Scheduling Order set the deadline to join parties and amend pleadings as May 18, 2012 and June 8, 2012, respectively. *See id.* at ¶¶ (A) and (D). On May 18, 2012, the Court extended the deadline to join parties to June 8, 2012. *See* Doc. No. 32.

Mary Kay deposed certain third-party witnesses on April 30 and May 1, 2012. During those depositions, Mary Kay discovered facts giving rise to breach of contract claims against one of the witnesses, Ms. Aimee Power. Those facts are articulated in the proposed First Amended

Complaint attached hereto as <u>Exhibit A</u>. Because the legal claims against Ms. Power relate to the same factual circumstances as the claims against Ms. Dunlap and involve similar contractual provisions, Mary Kay wishes to litigate its claims against all of the parties in the same forum. Accordingly, Mary Kay respectfully requests that this Court grant its Motion for Leave.

## II. ARGUMENT

This Court should grant Mary Kay's Motion for Leave to file a First Amended Complaint. Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). For its part, Rule 20(a)(2) states persons may be joined in one action as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) and (B).

The United States Court of Appeals for the Fifth Circuit has long held that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). A court should freely grant the moving party leave to amend unless the moving party unduly delays in amending its pleading, amends in bad faith or with a dilatory motive, repeatedly fails to cure deficiencies in pleadings previously allowed, or when the amendment unduly prejudices the opposing party. *Id.* at 598 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Bamm v. GAF*, 651 F.2d 389, 391 (5th Cir. 1981). Accordingly, "unless there is a substantial reason to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982).

None of those reasons apply here. This Court should grant Mary Kay's Motion for Leave for the following reasons: *First*, Mary Kay has sought to amend its pleading on or before the

deadlines to amend pleadings, join parties, and complete discovery in this case. *See Potter v. Bexar County Hosp. Dist.*, 195 F. App'x 205, 209 (5th Cir. 2006) (noting that a motion for leave to amend was timely when it was filed before the deadline to submit amended pleadings). Indeed, the parties have months to complete discovery, and thus far have taken only four third-party depositions.

*Second*, Mary Kay has acted in good faith. This is Mary Kay's first request to amend its complaint, and does not now attempt to amend with any dilatory motive. *Third*, the proposed amendment will not work any prejudice on Ms. Dunlap. As can be seen from the facts alleged in the First Amended Complaint, Mary Kay seeks to add an additional defendant based on facts that arise from the same series of transactions, and that involve similar contractual provisions. Litigating all of these issues in the same forum benefits judicial efficiency. Nor will the amendment cause the parties to re-visit any substantial amount of discovery. Indeed, Ms. Dunlap has not even served any written discovery; nor has she taken any depositions. Moreover, there is ample time for Ms. Dunlap and Ms. Power to conduct discovery on any issues that it might desire.

Finally, Mary Kay does not seek to modify or delay any other deadline currently pending before the Court or the trial date. Accordingly, this Court should grant Mary Kay's Motion for Leave to File an Amended Answer.

### III.  CONCLUSION

Mary Kay respectfully requests that the Court grant this Motion for Leave because Mary Kay has not unduly delayed in filing this motion, does not amend in bad faith or with a dilatory motive, and because this amendment will not work any prejudice on Ms. Dunlap. Accordingly,

Mary Kay respectfully requests that the Court allow it to file First Amended Complaint attached to this Motion as <u>Exhibit A</u>.

Date: June 8, 2012                                    Respectfully submitted,

/s/ Christopher Schwegmann
John T. Cox III
State Bar No. 24003722
Christopher J. Schwegmann
State Bar No.24051315
Gail A. Hayworth
Texas Bar No. 24074382
**Lynn Tillotson Pinker & Cox, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 – Facsimile

**COUNSEL FOR MARY KAY INC.**

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on June 8, 2012, he conferred with Defendant's counsel regarding the foregoing. Defendant's counsel informed the undersigned that he **opposes** this Motion.

/s/ Christopher Schwegmann
Christopher J. Schwegmann

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on counsel of record on the 8th day of June, 2012.

/s/ Christopher Schwegmann
Christopher J. Schwegmann

4817-0190-9263, v. 1