IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY KAY, INC., § | |
| § | |
| Plaintiff-counterdefendant, § | |
| § | Civil Action No. 3:12-CV-0029-D |
| VS. § | |
| § | |
| AMY DUNLAP, § | |
| § | |
| Defendant-counterplaintiff. § | |

MEMORANDUM OPINION
AND ORDER

In this action, the court considers two motions. Plaintiff-counterdefendant Mary Kay, Inc. ("Mary Kay") moves under Fed. R. Civ. P. 15(a) for leave to file a first amended complaint that adds a party-defendant. Defendant-counterplaintiff Amy Dunlap ("Dunlap") moves under Rule 14 to amend her pleadings to bring a third-party action against two third-party defendants. For the reasons that follow, the court grants Mary Kay's motion and denies Dunlap's motion.

I

The court's prior memorandum opinion and order in this case sets forth many of the relevant background facts. *See Mary Kay, Inc. v. Dunlap*, 2012 WL 2358082, at *1 (N.D. Tex. June 12, 2012) (Fitzwater, C.J.). To place the present decision in context, the court will briefly recount additional pertinent facts and procedural background.

Mary Kay filed this suit against defendant Dunlap alleging breach of contract claims related to an Independent National Sales Director Agreement (the "Agreement") between

Mary Kay and Dunlap. Under the Agreement, Dunlap agreed to use her best efforts to promote the sale of Mary Kay products, motivate, counsel, and advise the Independent Beauty Consultants ("IBCs") and Independent Sales Directors in her sales group, and recruit other IBCs. She agreed to treat as confidential the information she was provided, and not to use or disclose the information for purposes that conflicted with the business interests of Mary Kay. And she agreed not to (1) solicit or recruit Mary Kay's independent sales force to sell non-Mary Kay products or services; (2) use any names, or other non-public information obtained during association with Mary Kay for recruiting or promoting the sale of any other company's products in the United States; (3) solicit or induce any member of the Mary Kay's sales force from ending their business relationships with Mary Kay; or (4) receive any financial benefit from any other company or business organization based upon the solicitation, recruitment, or enrollment for such company of any person whom she knew or had reason to believe was under contract as a member of the Mary Kay team. According to Mary Kay's proposed amended complaint, after resigning from her position at Mary Kay, Dunlap started a new business that was designed to compete with Mary Kay and poach its IBCs, and, in violation of the Agreement, Dunlap used Mary Kay's confidential business information, including lists of names and records provided to her by Mary Kay, to compete with Mary Kay.

   Mary Kay moves for leave to file an amended complaint that adds Aimee Power ("Power") as a defendant. It alleges in the proposed amended complaint that Power is also liable for breach of contract. Mary Kay asserts that Dunlap conspired with Power to recruit

others into her new business, and that Power assisted Dunlap (despite the restrictions in Power's Independent Sales Director agreement ("ISD Agreement")) in arranging meetings with other IBCs in Powers's unit and team, helped her recruit other IBCs into that business, and enrolled herself in the business. And it alleges that Power violated her Mary Kay ISD Agreement by, *inter alia*, using Mary Kay's confidential business information for unapproved purposes and promoting the sale of non-Mary Kay products.

Dunlap moves for leave to amend to bring a third-party action against Karlee Isenhart ("Isenhart") and Vicki Fuselier ("Fuselier"). According to Dunlap, Isenhart and Fuselier are Mary Kay employees who spread falsehoods about Dunlap in order to keep her new business from competing with Mary Kay.

II

The court will first address Mary Kay's motion to file a first amended complaint.

A

Because Mary Kay seeks leave to add Power, who is not presently a party, as a defendant, this motion of necessity seeks to join Power as a defendant to the lawsuit. Rule 20(a)(2) provides that persons

> may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

*Id.* Because the breach of contract claim that Mary Kay seeks to bring against Power arises

at least out of the same series of transactions or occurrences, and there are questions of fact common to Dunlap and Power, Rule 20(a)(2) is satisfied and Power's joinder is proper.

B

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a)(2). Mary Kay filed its motion for leave to amend on June 8, 2012, the deadline specified in the scheduling order. When a party files a motion for leave to amend by the court-ordered deadline, there is a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The court can consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Mary Kay's proposed amended complaint does not fall within any exception.

Mary Kay alleges that Dunlap resigned from her position but continued to use confidential business information provided to her by Mary Kay to compete in a different direct sales business, and that Dunlap has acted against the terms of the Agreement before her effective termination of that agreement and within two years of the date of her

termination of the Agreement. Mary Kay seeks to assert in the proposed first amended complaint that Dunlap conspired with Power to recruit others into her business; that Power assisted Dunlap, despite her contractual obligations to Mary Kay; and that Power arranged meetings for Dunlap and joined Dunlap's new business. Dunlap argues that granting leave to amend the complaint would cause undue delay and prejudice her. The court disagrees. Applying the "presumption of timeliness," the court holds that, because Mary Kay filed its motion for leave by the court-ordered deadlines for seeking leave to amend pleadings and to join additional parties, Dunlap's argument that Mary Kay has caused undue delay lacks force. And even with the proposed amendment, defendants still have time remaining to complete discovery (which, if insufficient, can be extended for cause). And the claim that Mary Kay seeks to bring against Power arises at least out of the same series of transactions or occurrences, and there are questions of fact common to Dunlap and Power. Thus the court finds that there is neither undue delay nor prejudice that is sufficient to warrant denying Mary Kay's motion, and the motion for leave to amend is granted.

III

The court now turns to Dunlap's motion, in which she seeks leave to amend her pleadings to bring a third-party action against Isenhart and Fuselier alleging claims for conspiracy and defamation.

A

Rule 14(a) provides that a defending party, as third-party plaintiff, may sue "a nonparty who is or may be liable to it for all or part of the claim against it." *Id.* Impleader

- 5 -

is only appropriate "in cases where the third party's liability [is] in some way derivative of the outcome of the main claim." *U.S. v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967). Rule 14 is not "a vehicle for the trying together of separate and distinct causes of action, or for the introduction, into the main action, of several parallel, but independent, actions, or separate and independent claims[.]" *Wells Fargo Bank, N.A. v. Pettus*, 2011 WL 3586405, at *2 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (quoting *Majors v. Am. Nat'l Bank of Huntsville*, 426 F.2d 566, 568 (5th Cir. 1970)).

B

Dunlap asserts that two National Sales Directors ("NSDs")—Isenhart and Fuselier—conspired to wage a campaign to disparage Dunlap in order to keep her new business from competing with Mary Kay. Dunlap alleges that the conspiracy claim is based on the two NSDs' conduct of alleged defamation. She maintains that the conspiracy occurred when Isenhart and Fuselier conspired to commit the underlying tort of defamation. And she contends that, by telling others that Dunlap is "bi-polar" and was "sleeping with" her church pastor, Isenhart and Fuselier's actions constitute defamation, entitling Dunlap to compensatory and punitive damages.

The issues in Mary Kay's suit against Dunlap are not dependent on the conduct of Isenhart and Fuselier. The claims Dunlap seeks to assert against Isenhart and Fuselier do not emanate from the main claim but exist wholly independent of it. *See, e.g., Se. Mortg. Co. v. Mullins*, 514 F.2d 747, 750 (5th Cir. 1975). Dunlap's proposed claims against Isenhart and Fuselier are separate and independent, not derivative, of Mary Kay's action against Dunlap.

Mary Kay alleges that Dunlap breached the Agreement, whereas the claims that Dunlap seeks to assert against Isenhart and Fuselier are wholly unrelated to the alleged breach of contract.

Nor does Dunlap propose to allege in her third-party action any basis for contribution or indemnity with respect to Mary Kay's lawsuit. Dunlap neither connects the alleged defamatory statements of Isenhart and Fuselier in any way to Mary Kay nor alleges that Mary Kay was part of the conspiracy. Because Mary Kay is not suing Dunlap in tort, but rather for breach of contract, contribution is not available. *See, e.g., Hancock v. Chi. Title Ins. Co.*, 2012 WL 82820, at *3 n.8 (N.D. Tex. Jan. 11, 2012) (Fitzwater, C.J.) (citations omitted).[1]

Dunlap's motion is denied.

\* \* \*

For the reasons explained, Mary Kay's June 8, 2012 motion for leave to file a first amended complaint is granted. Mary Kay must file its first amended complaint within seven days of the date this memorandum opinion and order is filed.[2] Dunlap's June 8, 2012 motion

---

[1] Because Dunlap has not complied with Rule 14, there is no need to address other procedural issues raised by the third-party complaint.

[2] When filing the amended complaint, Mary Kay should correct a procedural flaw (which was not relevant initially because the case was removed and diversity was determined according to the allegations of the notice of removal). Mary Kay alleges that Dunlap is an "individual residing in" Missouri and that Power is an "individual residing in" Louisiana. *See* Prop. 1st Am. Compl. ¶¶ 2 and 3. An allegation of residency, rather than citizenship, is inadequate to invoke this court's diversity jurisdiction. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (holding that party must plead citizenship as opposed to residency). Although ¶ 4 contains an allegation of citizenship, it is insufficient to cure this defect. Accordingly, Mary Kay must revise the proposed amended complaint to plead the

to amend defendant's pleadings to add third-party complaint under Rule 14 is denied.

**SO ORDERED**.

August 13, 2012.

                                      _____
                                      SIDNEY A. FITZWATER
                                      CHIEF JUDGE

---

citizenship of Dunlap and Power.