IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY KAY INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-29-D (BF) |
| § | |
| AMY DUNLAP and AIMEE POWER, § | |
| § | |
| Defendants. § | |

PROTECTIVE ORDER

Pursuant to the District Court's Orders of Reference, Plaintiff's Motion for Entry of Protective Order (doc. 55, "Motion"), filed on October 11, 2012, was referred to the United States Magistrate Judge. Defendant Amy Dunlap filed a timely response to the Motion on November 1, 2012. Plaintiff filed its reply on November 14, 2012. For the following reasons, the Court **GRANTS** the Motion and enters a protective order.

Plaintiff seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c) because third-party Isagenix will not produce certain responsive documents due to their sensitivity. The Federal Rules of Civil Procedure allow a court to enter a protective order if good cause is shown and the order will serve to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". FED. R. CIV. P. 26(c). Plaintiff asserts that it has shown the requisite good cause in order for the Court to enter a protective order. This Court agrees.

The district court possesses broad discretion in entering and modifying protective orders. *Raytheon Co. v. Indigo Sys. Corp.,* No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008). Rule 26(c) allows a court to enter a protective order, *inter alia*, that "requir[es] that a trade secret or other confidential research, development, or commercial information not be revealed or be

revealed only in a specified way". FED. R. CIV. P. 26(c)(1)(G). Furthermore, the Fifth Circuit has recognized that protecting confidential information regarding the processes and policies of a company constitutes good cause for entering a protective order. *See Scott v. Monsanto Co.,* 868 F.2d 786, 792 (5th Cir. 1989). Here, Plaintiff seeks a protective order because third-party Isagenix refuses to disclose certain confidential documents, which contain sensitive information regarding the company. (*See* App. Pl.'s Mot. For Protective Order 033, Ex. C) (containing an email from Isagenix's counsel to Plaintiff's counsel stating that "[t]he documents we've gathered so far will not be produced absent a protective order of confidentiality"). The Court finds that good cause exists for the entry of a protective order, which will serve to protect the interests of third-party Isagenix as well as the parties in this matter. The Court therefore enters the following order:

This Protective Order is issued to facilitate document disclosure and production under the local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In Support of this Order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of such information could severely injure or damage the party disclosing or producing the information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving such information are presently without

sufficient information to accept the representation(s) made by the party or parties producing such information as to the confidential, proprietary, and/or trade secret nature of such information; and

4.     To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.     Confidential Information, as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving parties, including third parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "Attorneys' Eyes Only," a party will make such designation only as to the information that it in good faith believes contains Confidential Information. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be classified.

2.     The designation of information as "Confidential" shall be limited to information the producing or designating party believes in good faith contains non-public, confidential information.

3.     The designation of information as "Attorneys' Eyes Only" shall be limited to information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party.

4.     Nothing shall be regarded as Confidential Information if it is information that:

a. is in the public domain at the time of disclosure, as evidenced by a written document;

b. becomes part of the public domain through no fault of the other party, as evidenced by a written document;

c. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

d. the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

5. All properly designated Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

6. Inspection and review of the "Confidential" documents shall be limited to

a. the Parties, including their employees, agents, and representatives;

b. the Parties' counsel;

c. the employees, vendors, and consultants or experts retained by the parties to assist in the preparation of this case for trial; and

  d. the Court, jurors, court personnel or other individuals designated by the Court to whom it is necessary that the material be shown for purposes of this litigation; and

  e. the author(s), source(s), or recipient(s) of any document with such designation.

7. Inspection and review of the "Attorneys' Eyes Only" documents shall be limited to:

  a. attorneys of record for the parties in this litigation;

  b. two in-house counsel of a Party, who executes the attached Exhibit A;

  c. employees of, and vendors, consultants or experts retained by, such attorneys to whom it is necessary that the material be shown for purposes of litigation;

  d. the Court, jurors, court personnel or other individuals designated by the Court to whom it is necessary that the material be shown for purposes of this litigation; and

  e. the author(s), source(s), or recipient(s) of any document with such designation.

8. Nothing herein shall preclude the showing of any document or the disclosure of any information to a witness or non-party witness during deposition or trial, provided such witness is not given a copy of any such document to take from the place of deposition or trial.

9. No materials designated "Confidential" or "Attorneys' Eyes Only" may be filed with the Court absent a request by the parties that such materials be either entered under seal or be otherwise protected from public disclosure.

10. Prior to providing an expert or consultant with access to Confidential Information pursuant to the provisions of this Protective Order, the Parties shall require that the expert or consultant to be given access to the material execute a written acknowledgment that he or she understands the terms of this Protective Order and agrees to abide by them. *See* Exhibit A.

11. Documents produced in this action may be designated by any party or parties, including third parties producing documents or information pursuant to a Rule 45 subpoena, as "Confidential" or "Attorneys' Eyes Only" information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Attorneys' Eyes Only". In lieu of marking the original of a document, if the original is not produced, the designation party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

12. Confidential Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party may be designated by any party as "Confidential" or "Attorneys' Eyes Only" by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "Attorneys' Eyes Only" by notifying all of the parties in writing within ten (10) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorneys' Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorneys' Eyes Only" with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" or "Attorneys' Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

13. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the Confidential Information as "Confidential" or "Attorneys' Eyes Only" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosure.

14. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only," and a failure to do so shall not preclude a subsequent challenge thereto. At any time after the designation of "Confidential" or "Attorneys' Eyes Only" material, counsel for the party or parties receiving the Confidential Information may challenge the "Confidential" or "Attorneys' Eyes Only" designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Confidential Information. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Confidential Information shall declare in writing that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Confidential Information. Thereafter, the party or parties that designated the information as Confidential Information shall have ten (10) calendar days from the date of the declaration to file a motion for protective order with regard to any Confidential Information in dispute. The party or parties producing the Confidential Information shall have the burden of establishing that the disputed Confidential Information is entitled to confidential treatment. If the party or parties producing the

Confidential Information do not timely file a motion for protective order, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order. All Confidential Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of the Confidential Information is entitled to confidential treatment.

15. A party's failure to challenge, pursuant to this Protective Order, the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" shall not shift any burden from the proponent of confidentiality to establish entitlement to confidential treatment in conformance with applicable law; shall not waive any argument or assertion that such document and the information contained therein does not constitute confidential or proprietary information, including but not limited to trade secrets, under applicable law; and shall not be used or admitted at trial or any hearing in this matter to support any finding or inference that such document and the information contained therein is confidential and proprietary or constitutes a trade secret under applicable law.

16. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Information for enforcement of the provisions of this Order following termination of this litigation.

17. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Confidential Information shall return the Confidential Information to the

counsel for the party or parties disclosing or producing the Confidential Information. The party or parties receiving the Confidential Information shall keep their attorney work product which refers or relates to any Confidential Information. Attorney work product may be used in subsequent litigation provided that such use does not disclose Confidential Information or any information contained therein.

18. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

19. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Attorneys' Eyes Only" information produced or exchanged herein.

20. Documents unintentionally produced without designation as "Confidential" or "Attorneys' Eyes Only" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

21. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

22. Any party, after conferring in good faith with the opposing party, may file a motion to modify the terms hereof that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

**SO ORDERED**, January 7, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 3:12-CV-29-D (BF) |
| AMY DUNLAP and AIMEE POWER, | § § § § | |
| Defendants. | § | |

## ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

1. I have received and carefully read a copy of the Protective Order entered in the above-captioned litigation, and I understand its terms and conditions.

2. I agree to be bound by and to comply with all the terms of the Protective Order, and by such other orders as the Court may issue regarding the confidential treatment to be accorded documents and other materials in this litigation.

3. Specifically, I agree to hold in confidence and not to disclose to any person not similarly bound by the Protective Order any Confidential Information disclosed to me in the course of this litigation.

4. I agree to return all documents containing Confidential Information to outside counsel, by whom I have been retained, at the conclusion of this litigation.

5. I acknowledge that one or more courts may sanction me in the event that I

violate the provisions of the Protective Order.

      6.    I agree to submit to and will not contest the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division for purposes of enforcement of the Protective Order, and understand that the Court may impose Contempt of Court sanctions against me for violations of the provisions of the Protective Order.

DATED: _____, 2013

_____
Signature

_____
Printed Name